UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**TAKIYA MOORE**                                                              **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 3:13CV-41-H**

**POLICE OFFICE**                                                             **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Takiya Moore filed a *pro se*, *in forma pauperis* complaint. Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the complaint will be dismissed.

**I.**

Plaintiff filed her action on a general complaint form. As the grounds for filing her action in federal court, she states: "Ftc Federal mis standard conduct tort Act"; "wrongful omusion"; "[illegible] unlawful taking of police offieir"; and "nigelance." In the caption, Plaintiff names as Defendant, "police office," and in the parties' section of the complaint form, she names, "Louisville police."

As her statement of claims, Plaintiff alleges as follows:

On the night of 6/13/2011 I was Brutly Beaten in the Head By an Ex Boy-friend I was screaming and crying and was unable to dial for the police. Some How the police arrived to the [illegible] and I was Brutley screamed and yelled at as the the office was asking question and I was given them my name thrown of the police car chonked place in chocke Hold Drugged and slamed And I told the office that I had gotten punched in My Head several times and they arrest me charge Me with criminal act And Left me in Jail unable to do anything For a Long time As I went in to Jail I was treated Real Bad I couldn't hold my self up Due to the injurys and My Body would Allow Me to say no word's as I went in Jail they Left Me on the Floor After seeing Me Falling to the Ground in their Face. After that Had Happen I was Moved to Another Housing Location Where people Began Hitting on me and at my Defence I Brought out of G pop (Geral polulation) and place in A Single cell and Left for 40 Days where my injry

Began to go Down Hill As I was got on of the cell I was still Looking for Help asking For Medical Attetion Like Done in All the other time And I was told not to come to the cart pictched And Dicriminated agasinst As There Where Mean [illegible] For Me to Be seen Day When it was time to go to court I couldnt make And I was Left of the Floor Draged thourght the Hall And told that I was Mental Health.

On Day came where I tollally could move anymore I reach for Medical staff And the came in And place nose thing in my nose as the Sergan and office draged Me out By My Hand on My knees I Lost My Showes Through Me I A [illegible] cell And Accused Me of Doing Something worrg  Again I tried to get up to go to court I couldn't Move well on my way I was then againg Apperhened A took to A cell And told that I was going Know where place in a cell and I Have Not A Clue After that[.]

As relief, Plaintiff seeks monetary damages in the amount of $75,000; for issuance of a warrant for the assailant; and for the Court to clear her of any wrongdoing.

## II.

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded

2

factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. *Federal Claims*

Plaintiff appears to bring her action under the Federal Tort Claims Act (FTCA). The FTCA "is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976); 28 U.S.C. § 1346(b)(1). Because Plaintiff is not suing federal employees, the FTCA does not apply.

Notwithstanding the inapplicability of the FTCA, the Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983. "Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### *1. No policy or custom*

Plaintiff sues the police office/Louisville police. Municipal departments like police offices/departments are not suable under § 1983. *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, the municipality–the Louisville Metro Government–is the proper Defendant.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.

4

*Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that any police officers acted pursuant to a governmental policy or custom in causing her alleged harm. As nothing in the complaint demonstrates that the actions by police officers as alleged in the complaint occurred as a result of a policy or custom implemented or endorsed by the Louisville Metro Government, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against it. Thus, Plaintiff's claims against the police office/Louisville police must be dismissed.

### 2. *Statute of Limitations*

Alternatively, the action is untimely. The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. Ann. § 413.140(1). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir.1990). Although state law establishes the statute of

limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir.1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). Additionally, "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397; *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) ("[T]he Court in *Wallace* specifically held that a claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends."). When the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Plaintiff alleges that on June 13, 2011, she was assaulted by police officers, charged, and arrested. Because Plaintiff did not file the complaint until well over one year later on January 15, 2013, the Fourth Amendment claims against the police office/Louisville police are time-barred and must be dismissed.

### B. *State-Law Claims*

Section 1367(c) of Title 28 of the United States Code provides, in pertinent part, that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the Court will dismiss all federal claims over which it has original jurisdiction, it will decline to exercise supplemental jurisdiction over the remaining state-law claims and will dismiss those claims without prejudice. *See Runkle v. Fleming*, 435 F. App'x 483, 486 (6th Cir. 2011)

("[W]hen, as here, 'all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims.'") (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)).

Additionally, diversity jurisdiction under 28 U.S.C. § 1332 does not exist because Plaintiff does not demonstrate that she and Defendant are diverse in citizenship. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff."). Consequently, Plaintiff cannot bring any state-law claims by way of the federal diversity statute.

For these reasons, the complaint will be dismissed by separate Order.[1]

Date:

cc: Plaintiff, *pro se*
4412.005

---

[1] Plaintiff complains of conditions of her confinement while in jail, but she sues no jail officer or employee as a defendant. The Court, therefore, has not considered those claims here.